PHILIP DAVIS, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, July 2, 1937.

*Philip Davis*, for the appellant.

*Clive C. Handy* [*Gerald E. Dwyer* of counsel], for the respondent.

FRANKENTHALER, J. Action by passenger against common carrier to recover forty-seven dollars and eighty cents damages for defendant's failure to furnish a seat to plaintiff on a trip from Albany to New York city.

July 12, 1936, plaintiff purchased a ticket from defendant for his transportation from Albany to the One Hundred and Twenty-fifth Street station, New York city. Plaintiff testified that when he arrived at the platform, about six-forty-five P. M., there was a

locomotive with four passenger coaches in the station; that announcements were being made that more cars were being added; that there were several hundred people waiting on the platform for the additional cars; that in a few minutes two more coaches were added and behind these coaches were several Pullman and dining cars. Plaintiff got into the last coach car on the train. In a moment all the seats were occupied. Plaintiff asked one of the conductors the reason for all the confusion, and was told not to worry; " we will straighten this out in a minute and there will be seats for everybody." When the train started to move plaintiff was standing and there were also left standing about forty people in the same car and the car ahead. Plaintiff then went through all the coach cars and found no seat. He then went into the Pullmans; there were seven Pullmans, two dining cars and one club diner. There were unoccupied seats in the dining cars and in the Pullmans. Before he boarded the train at Albany there was no announcement that there would be additional trains. When the conductor came to take up the tickets plaintiff told him he would surrender the ticket as soon as he got a seat, and the conductor said, " Well, it is not our fault; it's the dispatcher's fault up at Albany and we have nothing to do with that. Our duty is to collect tickets." Plaintiff refusing to give up his ticket the conductor said he would put him off the train; and plaintiff accordingly gave him the ticket.

Plaintiff further testified that the train made one stop, at Harmon, near New York city; that when he arrived at One Hundred and Twenty-fifth street, after standing for about two hours and forty-four minutes, he was very tired; that the train was hot and it was a miserable night; he was all worn down from the continued perspiration; his legs were sore and tired.

In *Willis* v. *Long Island R. R. Co.* (34 N. Y. 670, at p. 683) Judge SMITH says that " So far as the statute [Laws of 1850, chap. 149] recognizes an obligation on the part of railroad companies to furnish their passengers with proper seats, inside of their cars, it simply affirms a principle of the common law, and enforces a duty springing from their relations as carriers of passengers and their undertaking with each passenger, to transport him safely and properly over their road."

In *Thorpe* v. *New York Central & H. R. R. Co.* (76 N. Y. 402) plaintiff, a passenger on one of defendant's trains, finding no vacant seat, went into a Wagner drawing room car. When called upon by the porter to pay the extra charge for a seat in that car he declined to pay for the reason that he could not find a seat elsewhere; he said he was willing to leave the car when he could get a

seat in the other cars. The porter thereupon attempting to eject plaintiff from the car, the action was brought against the railroad company for the recovery of plaintiff's damages. The court held that it was the duty of the defendant to furnish plaintiff with a seat, and judgment for plaintiff's damages was affirmed.

Section 62 of the Railroad Law provides that any railroad corporation may contract with any person, association or corporation for the hauling by its special or regular trains of the parlor, drawing room or sleeping cars of such person, association or corporation, in which extra accommodations shall be furnished at a reasonable compensation in addition to the regular fare; and further provides: " But said railroad corporation so contracting shall be liable in the same way and to the same extent as if the said cars were owned by it, and shall furnish sufficient ordinary cars for the reasonable accommodation of the traveling public."

Section 26 of the Public Service Law provides that every corporation, person or common carrier performing service in the transportation of passengers or property from one point to another within the State of New York shall furnish with respect thereto " such service and facilities as shall be safe and adequate and in all respects just and reasonable."

On the uncontradicted testimony before us I think plaintiff made out a *prima facie* case, for the jury would be authorized to find that plaintiff was not furnished with such reasonable and adequate accommodation as was required in the circumstances.

There is no basis in the record for a finding that plaintiff waived any rights as a passenger by staying on the train until it reached its destination. Plaintiff was entitled to rely on the promise of the conductor made after he boarded the train that sufficient accommodations would be provided.

Nor is there any merit in the point that no actionable damage was sustained. In the light of the physical effects to which he testified — the soreness, discomfort and inconvenience which resulted from defendant's default — it was for the jury to determine, as the record stood at the close of the plaintiff's case, the amount of plaintiff's damage. (*Campbell* v. *Pullman Co.*, 182 App. Div. 931.)

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur. Present — LYDON, LEVY and FRANKENTHALER, JJ.